UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DAVID C. ZELLER,

    Plaintiff,

v.

WARDEN, *JCI,*
WARDEN, *MCI-H* and
WEXFORD HEALTH SOURCES, INC.,

    Defendants.

Civil Action No. TDC-17-1114

**MEMORANDUM ORDER**

Plaintiff David Zeller is incarcerated at Western Correction Institution in Cumberland, Maryland. Zeller filed the instant lawsuit with a Complaint that was difficult to understand due to Zeller's nearly indecipherable handwriting, his failure to write in straight lines across the page, and the scattered and confusing nature of his narrative. In the Complaint, Zeller alleges that he has schizophrenia, cervical degenerative disk disease, and Hepatitis C. Compl. at 7, ECF No. 1. He sought treatment for his Hepatitis C, received treatment for this condition, but the treatment did not work. *Id.* at 7, 9–11. By his own admission, Zeller responded to the news that treatment had not worked by screaming at the doctor, punching the doctor in the face, which caused the doctor's nose to bleed, and then trying to smash a nearby computer, until guards restrained him. *Id.* at 11. He alleges that medical personnel have not spoken with him since this incident. *Id.* at 11. As relief, he asks for $100 million from the State of Maryland and $100 million from Wexford Health Sources, Inc. In the alternative, Zeller asks the Court to "hurt them as terrible as [it] can." *Id.* at 8.

On May 26, 2017, the Court ordered Zeller to supplement the Complaint within 28 days. Order, ECF No. 5. Zeller was ordered to: (1) list clearly what claims he wants to present; (2) specify the names of the persons who provided him inadequate medical treatment and how they did so; (3) state what injury he has suffered; and (4) state the location and dates of the alleged incidents and supporting facts. Zeller was also directed to clarify whether he is claiming that he received inadequate treatment for Hepatitis C, who provided the allegedly inadequate treatment, where the treatment was provided, and the dates he was treated. Zeller was cautioned that failure to comply with the Order would result in dismissal of the Complaint. Zeller responded with a series of lengthy and often unintelligible filings. *See* ECF Nos. 6, 8–11, 13–16, 18.

Zeller filed this Complaint *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to "dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Zeller. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim in a federal court. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[p]rinciples requiring generous construction of *pro se* complaints are not, however, without limits" and that courts need not "conjure up questions never squarely presented to them"). As filed, the Complaint fails to meet this standard, and the supplements do not remedy this failure.

For example, on June 7, 2017, Zeller filed a single page supplement referencing two

Administrative Remedy Procedure Requests ("ARP") that he filed at Jessup Correctional Institution ("JCI"). ECF No. 8. He alleges that these ARPs were improperly dated, and that he was not given a receipt. He filed as attachments ARP #JCI-1250-16, which is dated October 29, 2016, and ARP #JCI 1351-16, dated November 12, 2016. The supplement does not comply with the Court's order nor does it provide sufficient information for this case to proceed.

On June 19, 2017, Zeller filed correspondence alleging that he was retaliated against by Sgt. Jorden and Cpt. Rowland, who ordered him left in a cell on May 22, 2017 with urine on the floor and ordered that it not be cleaned. ECF No. 9. As best as can be discerned, Zeller claims that this conduct was in retaliation for his filing this case in federal court. If Zeller intends to raise a new retaliation claim, he must present it in a separately filed complaint.

In subsequent lengthy—and often times indecipherable—correspondence, Zeller alleges other concerns including his need for a fan, bananas in his diet, and dental problems. Zeller's correspondence expresses his dissatisfaction with many aspects of his imprisonment and may reflect his desire to present other unrelated claims. If Zeller intends to present these or other claims in future complaints, he must clearly list his claims, identify why he believes the facts he is alleging demonstrate a constitutional violation or a violation of federal law, specify the law or constitutional provision he alleges was violated, list the names of the defendants and explain what they did, state where and when the actions occurred, and state the relief he seeks. Zeller is urged to write as clearly as possible, as his handwriting is often unintelligible, and to write in straight lines. He is also strongly cautioned against using threats and profanity.

Upon review of Zeller's supplemental filings, the noted deficiencies in the Complaint have not been corrected. The Complaint will be dismissed without prejudice for failure to comply with a court order. The Court notes that Zeller's claim that he has received inadequate

medical care for Hepatitis C is already proceeding in a separately filed civil action, *Zeller v. Wexford Health Sources, Inc., et al.*, PWG-17-3136 (D. Md. Oct. 19, 2017).

It is hereby ORDERED that:

1. The Complaint is DISMISSED without prejudice for failure to comply with court order.

2. The Clerk shall CLOSE this case.

3. The Clerk shall MAIL a copy of this Order to Zeller.

Date: August 10, 2018

THEODORE D. CHUANG
United States District Judge